# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MICHAEL TEAHAN,<br><br>                            Petitioner,<br>vs.<br>V.M. ALMAGER, Warden,<br><br>                            Respondent. | CASE NO. 07CV586 WQH (NLS)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

HAYES, Judge:

      Pending before the Court is the Report and Recommendation of Magistrate Judge Nita L. Stormes, filed August 29, 2007, recommending that the Court grant Respondent's motion to dismiss Petitioner's Petition for Writ of Habeas Corpus.  (Doc. # 11).

## BACKGROUND

      On May 15, 1995, a jury in California State Superior Court convicted Petitioner Paul Michael Teahan of five counts of attempted second degree murder and four counts of assault with a firearm. *Respondent's Lodgment # 2* at 692.  The conviction stemmed from a shooting which took place on April 23, 1994, at Montgomery Waller Community Park in San Diego, California.  *Respondent's Supplemental Lodgment # 2* at 56.  Following the conviction, the trial judge sentenced Petitioner to an aggregate term of forty-two years in prison.  *Respondent's Suppl. Lodg. # 2*.

      Petitioner appealed the jury verdict to the California Court of Appeal on the grounds that there was insufficient evidence and the trial judge improperly instructed the jury.  *Respondent's Lodg. #*

1. On October 23, 1996, the California Court of Appeal denied the appeal. *Respondent's Lodg. # 1*. Petitioner subsequently filed a Petition for Review in the California Supreme Court, and on January 15, 1997, the California Supreme Court denied the Petition. *Respondent's Lodg. # 3*.

On September 23, 2004, and more than seven and a half years after the California Supreme Court denied Petitioner's Petition for Review, Petitioner filed a Petition for Writ of Habeas Corpus in the California State Superior Court. *Respondent's Lodg. # 4*. Petitioner contended therein that the trial court erroneously admitted an in-court identification which was tainted by a previously impermissibly suggestive pretrial photo-lineup. On December 10, 2004, the Court denied the Habeas Petition on the grounds that Petitioner failed to raise the photo-lineup issue on direct appeal. *Respondent's Lodg. # 5*.

On January 12, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, raising again the issue of the alleged impermissibly suggestive pretrial photo-lineup. On February 24, 2005, the California Court of Appeal denied the Petition on the grounds that (1) Petitioner failed to raise the issue on direct appeal, (2) the Petition was untimely, and (3) Petitioner did not carry his burden of establishing that the pretrial photo-lineup was unduly suggestive. *Respondent's Lodg. # 7*.

On June 14, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. On January 17, 2007, the California Supreme Court denied the Petition. *Respondent's Lodg. # 9*.

On February 27, 2007, Petitioner filed a second Petition for Writ of Habeas Corpus in the California State Superior Court on the grounds that his sentence violated his Sixth Amendment right to a jury trial under to *Cunningham v. California*, 127 S. Ct. 856 (2007). On April 19, 2007, the Court denied the Petition. *Respondent's Lodg. # 11*.

On March 29, 2007, Petitioner filed the presently pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of California. (Doc. # 1). The Petition alleges that (1) Petitioner's counsel on appeal was constitutionally ineffective, (2) Petitioner was falsely identified during his jury trial because of an impermissibly suggestive pretrial photo-lineup, and (3) Petitioner's sentence violated his right to jury trial. On May

23, 2007, Respondent moved to dismiss the Petition on the grounds that it was barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. (Doc. # 7). On June 26, 2007, Petitioner opposed the motion on the grounds that he was factually innocent of the crimes underlying his conviction, and that time-barring his Petition would be a miscarriage of justice. (Docs. # 8-9). In support of his opposition to the motion to dismiss, Petitioner lodged exhibits with the Court, including statements made by four alibi witnesses which were never presented at Petitioner's jury trial. *Petitioner's Lodgment in Opposition to Respondent's Motion to Dismiss # 5 (Doc. # 9)*. The alibi witnesses statements tend to show that Petitioner met with friends at approximately 5:45 P.M. on April 23, 1994 (the night of the shooting), and that Petitioner was not nervous during the evening. *Petitioner's Lodg. in Opp. to Respondent's Motion to Dismiss # 5 (Doc. # 9)*.

On August 29, 2007, Magistrate Judge Nita L. Stormes issued a Report and Recommendation recommending that the Court grant Respondent's motion to dismiss Petitioner's Petition. (Doc. # 11). The Magistrate Judge concluded that Petitioner's Petition was time-barred because it was filed after the running of the AEDPA's one-year statute of limitations. The Magistrate Judge further concluded that neither statutory nor equitable tolling applied under the facts alleged in the Petition and in Petitioner's opposition to the motion to dismiss. (Doc. # 11 at 6-9); *see also* (Docs. # 1, 8-9). The Magistrate Judge concluded that statutory tolling did not apply because the AEDPA's statute of limitations had already run by the time Petitioner filed a Habeas Petition in the California State Superior Court. The Magistrate Judge concluded that equitable tolling did not apply because Petitioner did not submit "new reliable evidence" which made it more probable than not that no reasonable jury seeing the evidence would have found Petitioner guilty beyond a reasonable doubt. (Doc. # 11 at 9).

On September 24, 2007, Petitioner filed objections to the Report and Recommendation. (Doc. # 12). In the objections, Petitioner contends that the Magistrate Judge improperly ignored the newly submitted statements of the alibi witnesses. Petitioner contends that the alibi witness statements were not presented at trial, and that the statements are properly considered by the District Court in examining his claim of actual innocence under *Schlup v. Delo*, 513 U.S. 298, 316-24 (1995), and

*Griffin v. Johnson*, 350 F.3d 956, 962-63 (9th Cir. 2003).

On November 28, 2007, this Court Ordered Respondent to respond to Petitioner's objections to the Report and Recommendation, and in particular, to "Petitioner's legal and factual claims with respect to actual innocence." (Doc. # 13). On December 20, 2007, Respondent filed a reply to Petitioner's objections. (Doc. # 14).

## STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

When no objections are filed, the district court may assume the correctness of the magistrate judge's factual findings and decide the motion on the applicable law. *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001) (citing *Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir. 1989)). Where a party files written objections to the Report and Recommendation, "the district judge to whom the case is assigned shall make a de novo determination upon the record." *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004) (citing FED. R. CIV. P. 72(b)); *see also Morrison v. Cook*, Civil No. 97-57-ST, 1999 U.S. Dist. LEXIS 14233, at *1-2 (D. Ore. April 27, 1999).

## DISCUSSION

The Report and Recommendation recommends dismissing Petitioner's Petition on the grounds that the Petition is time-barred by the AEDPA. (Doc. # 11). The Report and Recommendation found that the Petitioner filed the Petition outside of the AEDPA's one-year statute of limitations, and that Petitioner was not entitled to either statutory or equitable tolling. (Doc. # 11 at 8-9). In his objections to the Report and Recommendation, Petitioner concedes that he filed his Petition outside of the AEDPA's one-year statute of limitations. (Doc. # 12 at 2). However, Petitioner challenges the Magistrate Judge's conclusion that Petitioner is not entitled to equitable tolling pursuant to the miscarriage of justice exception to procedural time-bars. (Doc. # 12). Specifically, Petitioner

1  contends that he is entitled to equitable tolling of the AEDPA's one-year statute of limitations because
2  (1) there were constitutional errors at trial, and (2) Petitioner has presented new evidence of actual
3  innocence which, had it been presented at trial, makes it more likely than not that no reasonable juror
4  would have found him guilty beyond a reasonable doubt. (Doc. # 12); *see also Schlup*, 513 U.S. 298
5  (1995).

6  Where a petitioner's habeas petition is procedurally time-barred by the AEDPA, a petitioner
7  may nevertheless have his petition heard on the merits where the petitioner alleges constitutional
8  errors at trial and "presents evidence of innocence so strong that a court cannot have confidence in the
9  outcome of the trial." *Schlup*, 513 U.S. at 316 (1995).[1] In order for the claim of actual innocence to
10 be credible, a petitioner must "support his allegations of constitutional error with new reliable
11 evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical
12 physical evidence–that was not presented at trial." *Id*. at 324. Thereafter, "[t]he habeas court must
13 make its determination concerning the petitioner's innocence 'in light of all the evidence, including
14 that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence
15 tenably claimed to have been wrongly excluded or to have become available only after trial.'" *Id*. at
16 328 (citations omitted). Specifically, the court must determine whether "it is more likely than not that
17 no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id*. at 327.
18 If the habeas court determines that it is more likely than not that no reasonable juror would have
19 convicted the petitioner in light of the new evidence, the court must proceed to the merits of the
20 petition. *Id.*

21 **I. Whether the Four Alibi Witness Statements Submitted by Petitioner Satisfy *Schlup's* "New Reliable Evidence" Requirement?**
22

23 In his opposition to the motion to dismiss, Petitioner contended that he is actually innocent of
24 the charges upon which he was convicted, and supported his contention by submitting four alibi
25 witness statements which were not presented during his jury trial. (Docs. # 8-9). In the Report and
26 Recommendation, the Magistrate Judge ignored the alibi witness statements on the grounds that the

---

27  [1] This exception to a procedural time-bar, known as the "fundamental miscarriage of justice
exception," "seeks to balance the societal interests in finality, comity, and conservation of scarce
28 judicial resources with the individual interest in justice that arises in the extraordinary case." *Id*. at
324. The exception is often referred to as a "gateway," whereby petitioners can file habeas petitions
which are otherwise time-barred. *Schlup*, 513 U.S. at 316.

1  statements did not constitute "new reliable evidence that was not presented at trial" under *Schlup*.
2  (Doc. # 11 at 9). Specifically, the Magistrate Judge concluded that the alibi witness statements did
3  not satisfy *Schlup's* "new reliable evidence" requirement because Petitioner's "trial counsel knew
4  about these alibi witnesses and was able to interview four of them prior to trial . . . ." (Doc. # 11 at
5  9).

6  In his objections to the Report and Recommendation, Petitioner contends that the Magistrate
7  Judge improperly concluded that the four alibi witness statements were not "new reliable evidence"
8  under *Schlup*. (Doc. # 12). Petitioner contends that *Griffin v. Johnson*, 350 F.3d 956, 962-63 (9th Cir.
9  2003), establishes that *Schlup's* "new reliable evidence" threshold requires only "newly presented
10  evidence," i.e.–evidence which was not presented at trial–as opposed to "newly discovered" evidence
11  as required by the Magistrate Judge.

12  After reviewing the case law, particularly *Griffin*, this Court concludes that the Magistrate
13  Judge improperly ignored the four alibi witness statements submitted by Petitioner in support of his
14  claim of actual innocence and miscarriage of justice. As correctly noted by Petitioner, the Court of
15  Appeals for the Ninth Circuit has interpreted *Schlup's* "new reliable evidence" requirement as
16  requiring only "newly presented evidence"–in other words, evidence which was not presented at trial.
17  *Griffin*, 350 F.3d at 962-63; *see also United States v. Davies*, 394 F.3d 182, 191 fn. 8 (3d Cir. 2005);
18  *Lindley v. Schriro*, No. 06-0528-PHX-DGC2007 U.S. Dist. LEXIS 59022, *14 fn. 1 (D. Ariz. Aug.
19  10, 2007). The Court finds that the four alibi witness statements submitted by Petitioner were not
20  presented at Petitioner's trial and qualify as "new reliable evidence" for the purposes of *Schlup's*
21  actual innocence inquiry. *Schlup*, 513 U.S. at 324-327. The Magistrate Judge's conclusion to the
22  contrary is hereby rejected and the Court does not adopt section (c) of the Report and
23  Recommendation, entitled "Equitable Tolling." *See* (Doc. # 11 at 7-9).

24  **II. Whether the Four Alibi Witness Statements Presented By Petitioner, In Conjunction With The Other Evidence Presented At Trial, Satisfy *Schlup's* "Actual Innocence" Exception to A**
25  **Procedural Time-Bar?**

26  Petitioner concedes that he filed his Petition outside of the AEDPA's one-year statute of
27  limitations. (Docs. # 8, 12). However, in light of Petitioner's claim of actual innocence and this
28  Court's conclusion that Petitioner has submitted "new reliable evidence" of actual innocence, the
   question remains whether, in light of the new evidence, "it is more likely than not that no reasonable

1  juror would have convicted" Petitioner. *Griffin*, 350 F.3d at 963 (citing *Schlup*, 513 U.S. at 327).

2  There was substantial evidence of Petitioner's guilt presented at trial. One of the victims, Chris Alvarez, identified Petitioner before and during trial as the shooter, and other witnesses tentatively identified Petitioner as the shooter. *Respondent's Supp. Lodg. # 2, Vol. 4* at 279-282; *Respondent's Supp. Lodg. # 2, Vol. 5* at 359-363. In addition, shotgun shells found in Petitioner's bedroom matched shotgun shell-casings found at the scene, and it was undisputed that the shooter used a shotgun in the attack. *Respondent's Supp. Lodg. # 2, Vol. 3* at 32-37; *Respondent's Supp. Lodg. # 2, Vol. 5* at 408-412. Finally, there was evidence that (1) the shooter was a member of the Del Sol street gant, (2)Petitioner was a member of the Del Sol street gang, and (3) the location of the shooting, Montgomery Waller Community Park, is located within the Del Sol street gang's territory. *Respondent's Supp. Lodg. # 2, Vol. 5* at 386-387, 392.

The Court has considered the alibi witness statements submitted by Petitioner, the other evidence submitted at trial, and the entirety of the record before the Court. After a thorough review of this material, the Court cannot conclude that "it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Schlup*, 513 U.S. at 327. Accordingly, the Court concludes that Petitioner is not entitled to the actual innocence and fundamental miscarriage of justice exception to the AEDPA's procedural time-bar as articulated in *Schlup*.

**CONCLUSION**

Respondent's motion to dismiss (Doc. # 7) the Petition for failure to timely file within the AEDPA's one-year statute of limitations is GRANTED. In addition, the Report and Recommendation is ADOPTED in its entirety, EXCEPT for section (c), entitled "Equitable Tolling," which appears on pages seven through nine. *See* (Doc. # 11 at 7-9).

The Clerk of the Court is Ordered to close this case.

**IT IS SO ORDERED**.

DATED: February 27, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28